**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

*Attorneys for Plaintiff*

[*Additional counsel on signature page*]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| AVAILABLE TRADE INTERNATIONAL, LLC, | : : : : | Civil Action No. |
| *Plaintiff*, | : : | |
| v. | : : | **COMPLAINT** |
| TEKNO PRODUCTS, INC., | : : | |
| *Defendant*. | : : | |

**COMPLAINT**

Plaintiff Available Trade International, LLC ("Plaintiff" or "ATI"), through undersigned counsel, hereby sues Defendant Tekno Products, Inc. ("Defendant" or "Tekno"), a New Jersey corporation, and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of Florida and Defendant is a citizen of a different state, New Jersey, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant Tekno is located and resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff ATI's claims occurred in this judicial district.

## THE PARTIES

3. Plaintiff ATI is a limited liability company organized under the laws of the State of Florida. ATI's principal place of business is in Miami, Florida. ATI has one member: Ryan Vail, the president/owner of ATI, who is a citizen of the state of Florida.

4. Plaintiff ATI is in the business of providing domestic and international freight and logistical services to its customers located around the United States.

5. Defendant Tekno is a corporation organized under the laws of the State of New Jersey. Tekno's principal place of business is in Rutherford, New Jersey.

6. Tekno is in the business of developing, marketing, and manufacturing products for several United States retailers. Tekno is well known for the manufacturing of products featured on the Home Shopping Network.

## GENERAL ALLEGATIONS

7. On or about July 3, 2018, Tekno contacted and hired ATI to provide logistical services. Namely, to pick up shipments from Tekno's warehouse and deliver the products to different warehouses and distribution centers throughout the United States.

8. The parties quickly developed a course of dealing whereby Tekno would send ATI the details for a shipment, ATI would send Tekno the rates for a specific pick up via e-mail, and Tekno would expressly accept or decline ATI's offer or, in the alternative, not respond. There was a mutual understanding between the parties that Tekno's failure to respond meant it had no objection to the rates proposed by ATI.

9. Once the delivery was successfully made, ATI would formalize the transaction and send Tekno an invoice for services rendered (the "Unpaid Invoices"). True and correct copies of the Unpaid Invoices are attached as **Composite Exhibit A**.

10. The terms of the Unpaid Invoices required payment to be made to ATI within 15 days from the invoice date. *See* Ex. A. Any late payments were subject to a two percent late fee for each week payment was not received.

11. On several occasions, through no fault of ATI, the pick-up and/or delivery of Tekno's goods was delayed. Such delays caused ATI to incur additional unanticipated costs. At all times material hereto, ATI informed Tekno in writing of any issues or delays via e-mail and included any additional costs in its invoices.

12. Despite ATI's good faith attempts to collect payment from Tekno for the past due balance of $168,282.00, Tekno has failed to provide any form of payment to ATI.

13. All conditions precedent to this action have occurred, been performed or satisfied, or have otherwise been waived or excused.

14. ATI has retained the undersigned attorneys to represent it in this action and is obligated to pay them reasonable attorneys' fees and costs for their services.

## COUNT I – BREACH OF CONTRACT

15. ATI repeats and realleges each and all of the allegations contained in paragraphs 1-14 above as though fully set forth herein.

16. Each Unpaid Invoice constitutes a contract between ATI and Tekno for the purpose of providing logistical services.

17. Tekno materially breached its contracts with ATI by failing to pay ATI for the past due balance on the Unpaid Invoices.

18. As a direct and proximate cause of Tekno's failure to pay ATI, ATI has been damaged.

## COUNT II – ACCOUNTS STATED

19. ATI repeats and realleges each and all of the allegations contained in paragraphs 1-14 above though fully set forth herein.

20. ATI and Tekno entered into a business transaction on several occasions beginning around July 2018 for freight services, as evidenced by the Unpaid Invoices.

21. The Unpaid Invoices establish an agreement between ATI and Tekno as to the amount due totaling $168,282.00 plus a two percent late fee for each week the invoices went unpaid. *See* Ex. A.

22. The account was in fact stated or agreed to by Tekno.

23. To date, the balance on the Unpaid Invoices remains outstanding.

## COUNT III – UNJUST ENRICHMENT

24. ATI repeats and realleges each and all of the allegations contained in paragraphs 1-14 above as though fully set forth herein.

25. ATI conferred a benefit on Tekno by providing freight services for Tekno on several occasions.

26. Tekno received the benefit of ATI's services at ATI's expense.

27. The circumstances are such that it would be unjust for Tekno to retain such valuable benefits for ATI's services without compensating ATI.

## COUNT IV – QUANTUM MERUIT

28. ATI repeats and realleges each and all of the allegations contained in paragraphs 1-14 above as though fully set forth herein.

29. ATI provided freight services to Tekno in good faith on several occasions.

30. Tekno accepted the services rendered by ATI, as evidenced by the Unpaid Invoices.

31. In the ordinary course of common events, a reasonable person receiving such a benefit would normally expect to pay the reasonable value for the services ATI provided to Tekno. Nonetheless, to date, Tekno has failed to remit payment to ATI for the freight services it provided, and the costs incurred connect therewith.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Available Trade International, LLC demands a judgment against Defendant Tekno Products for compensatory damages of $168,282.00 plus the two percent late fee for each week the Unpaid Invoices have remained outstanding, an award of pre- and post-judgment interest, and such other and further relief as this Court deems proper and just.

**LITE DEPALMA GREENBERG LLC**

Dated: July 9, 2019

  */s/ Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

**CAREY RODRIGUEZ
MILIAN GONYA, LLP**
Juan J. Rodriguez
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475
Email: jrodriguez@careyrodriguez.com

*Attorney for Plaintiff*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not related to any other action, pending arbitration or administrative proceeding currently pending in any court.

I hereby certify that the following statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**LITE DEPALMA GREENBERG LLC**

Dated: July 9, 2019

*/s/ Joseph J. DePalma*
Joseph J. DePalma
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com

**CAREY RODRIGUEZ
MILIAN GONYA, LLP**
Juan J. Rodriguez
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475
Email: jrodriguez@careyrodriguez.com

*Attorney for Plaintiff*